Mark P. Estrella (SBN 187091)
MEstrella@InitiativeLegal.com
David M. Medby (SBN 227401)
DMedby@InitiativeLegal.com
Sue J. Kim (SBN 256392)
Skim@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Attorneys for Plaintiff Alyssa Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA JONES, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  CV11-2325 PSG (SHx)<br><br>**AMENDED NOTICE OF MOTION AND MOTION TO REMAND**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Time:    1:30 p.m.<br>Date:    June 6, 2011<br>Place:   Courtroom 880<br><br>Removal Filed: |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE THAT** on June 6, 2011, at 1:30 p.m. in

3  Courtroom 880 of the United States District Court for the Central District of

4  California, located at 255 East Temple Street, Los Angeles CA 90012, Plaintiff

5  Alyssa Jones will, and hereby does, move the Court, pursuant to 28 U.S.C. §

6  1447, for an order remanding the above-entitled action to the Superior Court for

7  the County of Los Angeles.

8      Plaintiff's moves to remand on the grounds that this case is not a class

9  action subject to the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)

10  ["CAFA"]).  State and federal courts hold that claims brought pursuant to the

11  California Labor Code Private Attorneys General Act of 2004, codified at

12  California Labor Code section 2698, et seq. ("PAGA") are not class actions, and

13  not subject to the procedural requirements under California Rule of Court 3.764

14  or Federal Rule of Civil Procedure 23.  Accordingly CAFA has no application.

15  Additionally, Defendants have failed to establish, with summary judgment type

16  evidence, both that Plaintiff's damages are in excess of $75,000 (28 U.S.C.

17  § 1332(a)) and that the total amount in controversy is greater than $5 million (see

18  28 U.S.C. § 1332(d)) exclusive of interest and costs.  And any recovery of

19  penalties on behalf of the aggrieved employees under PAGA cannot be

20  aggregated.  Even if CAFA were applicable, therefore, CAFA's amount-in-

21  controversy requirement has not been met.

22      This motion will be based on this notice; the accompanying memorandum

23  of points and authorities; the supporting declaration of Mark P. Estrella; the

24  complete files and records in this action; such supplemental memoranda of

25  points and authorities which may subsequently be filed; as well as any oral or

26  documentary evidence presented at the hearing of this motion.

27  ///

28  ///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Dated:  April 18, 2011                      Respectfully submitted,

2                                                Initiative Legal Group APC

3

4                                           By:_____

5                                                Mark P. Estrella
                                                 David M. Medby
6                                                Sue J. Kim

7                                                Attorneys for Plaintiff Alyssa Jones

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................... 1

II.  FACTS AND PROCEDURE ........................................... 1

III. ARGUMENT ............................................................... 2

    A.   This Representative PAGA Action Cannot Be
        Removed Based Upon CAFA ................................... 2

    B.   The Ninth Circuit Applies A Strong Presumption
        Against Removal And All Inferences Are Drawn
        In Favor Of Remand ............................................... 6

    C.   Defendants Must Establish Both That Plaintiff's
        Individual Damages Are In Excess of $75,000
        And That The Total Amount In Controversy Is In
        Excess Of $5 Million ............................................... 8

    D.   Defendants Have Not Satisfied CAFA's
        Requirements ......................................................... 9

        1.   Defendants Have Not Established That the
            Total Amount in Controversy Exceeds
            $5 Million .................................................... 9

        2.   Defendants Have Not Established Plaintiff's
            Damages Exceed $75,000 by a Legal
            Certainty .................................................... 16

        3.   Defendants' Calculations Are Further Flawed
            Because 75% of Any PAGA Penalties
            Awarded Are to Be Given to the State of
            California and Thus Not Considered for
            Purposes of Establishing the Total Amount in
            Controversy ................................................. 17

4.   Defendants' Reference to Other Fees and
Costs Are Vague and Unsupported ............................................... 18
E.   Defendants' Notice Of Removal Is Premature As
Plaintiff's Complaint Does Not Plead Either That
Plaintiff's Damages Are In Excess Of $75,000 Or
A Total Amount In Controversy Over $5 Million .............................. 19
IV.   CONCLUSION ......................................................................................... 20

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th
    Cir. 2006) ................................................................................... 7, 20

*Alpert v. Time Warner Cable, Inc.*, 2008 U.S. Dist. LEXIS
    51623 (S.D. Cal. June 30, 2008) ............................................. 11, 16

*Alvarez v. Ltd. Express, LLC*, 2007 U.S. Dist. LEXIS
    58148 (S.D. Cal. Aug. 8, 2007) ..................................................... 13

*Boggs v. Lewis,* 863 F.2d 662 (9th Cir. 1988) ..................................... 7

*Caliber Bodyworks v. Superior Court (Herrera)*, 134 Cal.
    App. 4th 365 (2005) ......................................................................... 3

*Cappuccitti v. DirecTV, Inc.*, 2010 U.S. App. LEXIS 14724
    (11th Cir. Ga. July 19, 2010) .......................................................... 9

*Castillo v. Apple Core Enters.*, 2009 U.S. Dist. LEXIS
    78463 (S.D. Cal. Sept. 1, 2009) .................................................... 10

*City & County of San Francisco v. Western Transport, Inc.*,
    No C-06-3930 – VRW, 2006 U.S. Dist. LEXIS 84771
    (N.D. Cal. Nov. 9, 2006) ............................................................... 10

*Coit v. Fid. Assur. Assocs., LLC*, 2008 U.S. Dist. LEXIS
    111144 (N.D. Cal. Aug. 6, 2008) .................................................. 15

*Corbelle v. Sanyo Elec. Trading Co., Ltd.*, No. C-03-1509,
    2003 U.S. Dist. LEXIS 20339 (N.D. Cal. Nov. 4, 2003) .............. 10

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th
    Cir. 1988) ......................................................................................... 7

*Fletcher v. Toro Co.*, 2009 U.S. Dist. LEXIS 126693 (S.D.
    Cal. Feb. 3, 2009) .................................................................. *passim*

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ......................... 7, 8

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*Green v. Staples Contract & Commer., Inc.*, 2008 U.S.

    Dist. LEXIS 104364 (C.D. Cal. Dec. 10, 2008)............................................ 11

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th

    Cir. 2005) ......................................................................................... 7, 19

*Hayrapetyan v. Am. Int'l Group, Inc.*, 2010 U.S. Dist.

    LEXIS 58144 (C.D. Cal. May 18, 2010) ................................................ 15, 18

*HSBC Bank USA v. Ramirez*, No. CV 08-05638, 2008 U.S.

    Dist. LEXIS 89881 (C.D. Cal. Oct. 21, 2008) ......................................... 6, 10

*Law Offices of Mathew Higbee v. Expungement Assistance*

    *Servs.*, No. SACV 09-651 AG, 2009 U.S. Dist. LEXIS

    92063 (C.D. Cal. Sept. 14, 2009)...................................................... 10

*Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062 (9th

    Cir. 1979) ............................................................................................ 8

*Little York Gold-Washing & Water Co. v. Keyes*, 96 U.S.

    199 (1877)............................................................................................ 6

*Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d

    994 (9th Cir. Or. 2007) .................................................................... 9, 16

*Machado v. M.A.T. & Sons Landscape, Inc.*, 2009 U.S.

    Dist. LEXIS 63414 (E.D. Cal. July 23, 2009)......................................... 4, 5

*Mendez v. Tween Brands, Inc.*, No. 2:10-CV-00072-MCE-

    DAD, 2010 WL 23650571, 4 (E.D. Cal., July 1, 2010) ................................ 5

*Murtishaw v. Woodford*, 255 F.3d 926 (9th Cir. 2001) ....................................... 5

*Nat'l Consumers League v. General Mills, Inc.*, No. 09-

    01881, 2010 U.S. Dist. LEXIS 3307 (D.D.C.

    Jan. 15, 2010)............................................................................ *passim*

*Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087 (N.D.

    Cal. 2003) ............................................................................................ 7

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   *Paz v. Playtex Prods.*, 2008 U.S. Dist. LEXIS 1829 (S.D.

2       Cal. Jan. 10, 2008) ................................................................................... 8

3   *Pereira v. Gate Gourmet, Inc.*, 2009 U.S. Dist. LEXIS

4       41330 (C.D. Cal. Apr. 30, 2009) .......................................................... 16

5   *Piazza v. EMPI, Inc.*, No. 1:07-cv-00954-OWW, 2008 U.S.

6       Dist. LEXIS 28136 (E.D. Cal. Feb. 28, 2008) ............................... 10

7   *Pulera v. F&B, Inc.*, No. 2:08-cv-00275, 2008 U.S. Dist.

8       LEXIS 72659 (E.D. Cal. Aug. 18, 2008) ........................................ 17

9   *Riddoch v. McCormick & Schmicks Seafood Rests., Inc.*,

10      No. CV 09-07127, 2010 U.S. Dist. LEXIS 65799 (C.D.

11      Cal. Jun. 28, 2010) ............................................................... *passim*

12  *Rossetto v. Oaktree Capital Mgmt.*, LLC, 664 F. Supp. 2d

13      1122 (D. Haw. 2009) ............................................................... 20

14  *Serabian v. Cellco P'ship*, No. CV 10-01891, 2010 U.S.

15      Dist. LEXIS 66531 (C.D. Cal. June 14, 2010) ........................... 8, 15

16  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ............... 7

17  *Shirley Sample v. Big Lots Stores, Inc.*, No. C 10-03276

18      (N.D. Cal. Nov. 30, 2010) ...................................................... *passim*

19  *Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110

20      (N.D. Cal. May 5, 2010) ......................................................... *passim*

21  *Sneddon v. Hotwire, Inc.*, No. C 05-0951 SI, 2005 U.S.

22      Dist. LEXIS 13257 (N.D. Cal. June 29, 2005) ............................... 7

23  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283

24      (U.S. 1938) ........................................................................ 1

25  *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815

26      (9th Cir. 1985) ................................................................... 7

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*United Steel, Paper & Forrestry, Rubber, Mfg., Energy,*
  *Allied Indus. & Service Works Int'l Union, AFL-CIO,*
  *CLC v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010) ........................................ 6
*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ................................ 10
*Verner v. Swiss II, LLC*, 2010 U.S. Dist. LEXIS 4443 (C.D.
  Cal. Jan. 6, 2010) ........................................................................... 9

**STATE CASES**

*Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. 2009) ................................. *passim*
*Dunlap v. Superior Court (Bank of America)*, 142 Cal.
  App. 4th 330 (2006) ...................................................................... 3
*Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th
  1277 (Cal. App. 2d Dist. 2009) ..................................................... 3
*People v. Pacific Land Research Co.* 20 Cal.3d 10 (1977) ................................. 3

**FEDERAL STATUTES**

28 U.S.C. § 1332(a) ........................................................................ 1, 8
28 U.S.C. § 1332(d) ........................................................................ 1, 8
28 U.S.C. § 1332(d)(1) .................................................................... 3
28 U.S.C. § 1332(d)(2) .................................................................... 3
Class Action Fairness Act (CAFA) ............................................... *passim*
Consumer Protection Procedures Act .................................................. 4

**STATE STATUTES**

Cal. Code Regs., Tit. 8, § 11070(14) ................................................... 2
Cal. Lab. Code § 203 ..................................................................... 16
Cal. Lab. Code § 2698 ..................................................................... 3
Cal. Lab. Code § 2699(a) ................................................................. 3

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Cal. Lab. Code § 2699(f)(2) ............................................................... 17

Cal. Lab. Code § 2699(g) ................................................................... 3

Cal. Lab. Code § 2699(i) .................................................................. 17

Cal. Lab. Code Priv. Attys. Gen. Act (PAGA) ........................................... *passim*

Cal. Stats. 2003, ch. 906 § 1 ............................................................... 3

**SECONDARY AUTHORITIES**

1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157
   at 38 (2d ed. 1989) ............................................................... 7

James M. Underwood, "The Late, Great Diversity
   Jurisdiction," 57 Case W. Res. L. Rev. 179 (Fall 2006) ................................. 1

Note:  A Compendium of Proposals to Reduce the
   Workload of the Supreme Court, 97 Harv. L. Rev. (Nov.
   1983) ............................................................................ 1

S.Rep. No. 109-14, at 43 (2005), reprinted in 2005
   U.S.C.C.A.N. 3 ................................................................. 6

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's Motion to Remand must be granted because, contrary to Defendants' sole basis for removal, this is not a class action and CAFA does not apply.  Instead this is a representative action under PAGA, which has been specifically held as not being a class action and not removable pursuant to CAFA.  Additionally, even if CAFA were applicable, Defendants have failed to show that the complaint meets the requisite amount in controversy requirements. Here, CAFA requires that Defendants prove to a legal certainty that Plaintiff's individual damages exceed $75,000 (28 U.S.C. § 1332(a)), and by a preponderance of the evidence that the total amount in controversy is over $5 million (28 U.S.C. § 1332(d)).  Only summary judgment-type evidence may be used to support any assertions and speculation is not permitted.  This substantial burden exists because of the strong presumption against removal.[1] However, despite the clear mandate to provide summary judgment-type evidence, Defendants' calculations rest upon speculative assumptions that fall far short of the required evidentiary burden.  Thus, Defendants have failed to carry their burden necessary to invoke federal jurisdiction under CAFA.

Accordingly, for the reasons set forth more fully below, the action must be remanded to Los Angeles Superior Court where the action was originally filed.

## II.    FACTS AND PROCEDURE

On December 23, 2010, Plaintiff filed this action in the Superior Court of Los Angeles.  Subsequently, on January 27, 2011, Plaintiff filed a First Amended

---

[1] This CAFA removal standard reflects the "intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states" which has "always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (U.S. 1938), superseded on other grounds.  Indeed, the complete elimination of all diversity jurisdiction continues to be seriously discussed.  *See* Note:  A Compendium of Proposals to Reduce the Workload of the Supreme Court, 97 Harv. L. Rev. (Nov. 1983); James M. Underwood, "The Late, Great Diversity Jurisdiction," 57 Case W. Res. L. Rev. 179 (Fall 2006).

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Complaint ("FAC").  Plaintiff filed this complaint as a representative action

2  under PAGA, not a class action complaint.  (Declaration of Mark P. Estrella

3  ["Estrella Decl."], ¶ 2; *see* Cal. Lab. Code § 2698 et seq.)

4       Plaintiff's complaint does not assert a class action nor does it allege any of

5  the class action requirements—as to ascertainability, typicality, predominance

6  and so forth.  (Estrella, Decl., ¶ 3; FAC.)

7       Nor does Plaintiff seek recovery of the compensatory and statutory

8  damages typically attendant to a privately-enforced class actions.  Instead,

9  Plaintiff seeks to recover civil penalties, pursuant to PAGA (75% of which goes

10  to the State of California for continued enforcement purposes), for violation of

11  the California Labor Code.[2]  (Estrella Decl., ¶ 6; FAC.)

12       Despite this not being a class action, Defendants removed this action based

13  solely upon CAFA.  (*See* Defs.' Not. of Removal; Estrella Decl., ¶ 7.)

## III.   ARGUMENT

### A.   This Representative PAGA Action Cannot Be Removed Based Upon CAFA

17       Because this is a representative action under PAGA—not a class action—

18  it is ineligible for CAFA removal.  CAFA provides as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, *and is a class action* in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

---

[2] The FAC asserts violation of Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14) (Failure To Provide Seating).  (Estrella Decl., ¶ 3; FAC.)

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

28 U.S.C. § 1332(d)(2) (emphasis added).  CAFA defines "class action" as "any civil action *filed under rule 23* of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons *as a class action*."  28 U.S.C. § 1332(d)(1) (emphasis added).  As such, this PAGA-only action is not a "class action" under CAFA.  This action was not filed under Rule 23.  Nor was it filed as a class action.  And Plaintiff does not seek to represent any class.  Indeed, the operative complaint does not allege any class action allegations nor does it reference Rule 23.

A PAGA action—such as this one—is an enforcement action which seeks to recover civil penalties for the violation of specified sections of the California Labor Code.  *See* Cal. Lab. Code § 2698, et seq.  While the recovery of civil penalties is typically a state government function,[3] the California Legislature enacted PAGA to allow private citizens to recover civil penalties in order to promote the enforcement of the California Labor Code.  *Dunlap*, 142 Cal. App. 4th at 337 (citing stats. 2003, ch. 906 § 1).  Before PAGA's enactment, only California's cabinet-level labor law agencies could obtain civil penalties through the enforcement of certain California Labor Code sections.[4]

As a deputized private attorney general, a PAGA plaintiff acts as a proxy for the State of California, and is thereby empowered to recover civil penalties.  Cal. Lab. Code § 2699(g); *see also Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App.4th 365, 376 (2005).

---

[3] "[A]n action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'"  *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) (citing *People v. Pacific Land Research Co.* 20 Cal.3d 10, 17 (1977)).

[4] *Caliber Bodyworks v. Superior Court (Herrera)*, 134 Cal. App. 4th 365, 374 (Cal. App. 2d Dist. 2005).  "Before the PAGA was enacted, an employee could recover damages, reinstatement, and other appropriate relief but could not collect civil penalties. The Labor and Workforce Development Agency (LWDA) collected them.  The PAGA changed that."  *Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th 1277, 1300 (Cal. App. 2d Dist. 2009); s*ee also Dunlap*, 142 Cal. App. 4th at 337; Cal. Lab. Code § 2699(a).

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Case law decided subsequent to PAGA's enactment has held that a PAGA action is not a class action. *See Arias v. Superior Court*, 46 Cal. 4th 969, 976 (Cal. 2009). Federal courts have adhered to *Arias*:

> Defendants also argue that even if Plaintiff had brought a representative action, PAGA claims must be pled as a class action. This argument is rendered moot by the California Supreme Court's decision in Arias, 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923, 2009 Cal. LEXIS 6017 at *13-32 (holding PAGA claims need not be brought as class actions).

*Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-CV-00459, 2009 U.S. Dist. LEXIS 63414 (E.D. Cal. July 23, 2009). Because this is not a class action, CAFA is inapplicable.

Federal courts have specifically held that private attorney general actions such as this one are not subject to removal based on CAFA as they are neither class actions nor "mass actions." In *Nat'l Consumers League v. General Mills, Inc.*, No. 09-01881, 2010 U.S. Dist. LEXIS 3307, *8-9 (D.D.C. Jan. 15, 2010), the National Consumer League filed a consumer private attorney general action against General Mills, Inc. for falsely representing that the consumption of Cheerios cereal could reduce cholesterol. The action was filed under the Consumer Protection Procedures Act, codified at D.C. Code §§ 28-3901, et seq. After General Mills, Inc. removed the action to federal court the plaintiff moved to remand arguing that since it was a private attorneys general action, it was not a class action removable under CAFA. The district court agreed with plaintiff and held:

> The Court finds instead that CAFA carves out an exception for private attorney general suits like NCL's.
>
> …
>
> As such, it is not a mass action removable under CAFA.

*Id.* at *137. The court found it noteworthy that "the plain language of the CPPA expressly authorizes suites like NCL's that are brought on behalf of the general

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   public without imposing any requirement that the suit meet the strictures of Rule

2   23."  This is also a private attorney general action and not a class action.

3   Moreover, a PAGA action has also been held to not require the satisfaction of

4   class action requirements.  *See Arias*, 46 Cal. 4th at 976; *Machado*, 2009 U.S.

5   Dist. LEXIS 63414.  Thus, this Court, in line with *Nat'l Consumers League*,

6   should hold that CAFA is inapplicable to this action.

7        In *Shirley Sample v. Big Lots Stores, Inc.*, No. C 10-03276 (N.D. Cal.

8   Nov. 30, 2010), the plaintiff brought a motion to remand a PAGA action which

9   defendants removed under CAFA.  Plaintiff argued that she had brought a

10  "representative enforcement action" under PAGA and not a "class action" under

11  federal or state law.  The court held that a representative enforcement action

12  under PAGA is not a "class action" subject to removal under CAFA.  *Id.* at p.6.

13       The district court recognized that the Ninth Circuit had not yet reached the

14  issue of whether a representative action under PAGA falls within CAFA's

15  definition of a "class action."  However, the district court also recognized that

16  the California Supreme Court in *Arias* has held that a PAGA action is distinct

17  from a class action and is not subject to the requirements necessary to maintain a

18  class action.  *Arias* clarifies that a PAGA claim is fundamentally distinct in both

19  purpose and effect from a class action; PAGA claims are law enforcement

20  actions, not class actions.  *Sample*, at pp.5-6 (citing *Mendez v. Tween Brands,*

21  *Inc.*, No. 2:10-CV-00072-MCE-DAD, 2010 WL 23650571, 4 (E.D. Cal., July 1,

22  2010)).  While *Arias* did not address CAFA per se, the California Supreme

23  Court's decision informed the district court's analysis since the California

24  Supreme Court's interpretations of California law are binding on federal courts.

25  *Sample*, at 5 (citing *Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001)).

26       Furthermore, the district court refused to accept Defendants' overly

27  expansive interpretation of CAFA which would ignore the purpose and intent

28  underlying its enactment:

1
2
3
4
5
6
7

> A suit brought under PAGA does not implicate the concerns underlying the enactment of CAFA. By definition, Plaintiff's claim is limited to Labor Code violations involving employees in California. . . . Consequently, this action does not present the scenario that CAFA was intended to address; to wit, the litigation of a nationwide class action in state court. To the contrary, a PAGA action is limited to California employers which fail to comply with the California Labor Code with respect to employees in California. Accordingly, it is appropriate to litigate this in a California state court.

8   *Id.* at p. 6; *see United Steel, Paper & Forrestry, Rubber, Mfg., Energy, Allied*

9   *Indus. & Service Works Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

10  1087, 1090 (9th Cir. 2010) ("Congress passed . . . [CAFA] 'primarily to curb

11  perceived abuses of the class action device, which in the view of CAFA's

12  proponents, had often been used to litigate multi-state or even national class

13  actions in state court."); *see also* S.Rep. No. 109-14, at 43 (2005), reprinted in

14  2005 U.S.C.C.A.N. 3, 41 (CAFA "is intended to expand substantially federal

15  court jurisdiction over class actions. Its provisions should be read broadly, with

16  a strong preference that *interstate class actions* should be heard in a federal court

17  if properly removed by any defendant.").

18      Because CAFA does not apply to this PAGA representative action, this

19  action should be remanded to the superior court.

20      **B.    The Ninth Circuit Applies A Strong Presumption Against**

21          **Removal And All Inferences Are Drawn In Favor Of Remand**

22      The right to remove a state court action to federal court on diversity

23  grounds is statutory and must therefore be invoked in strict conformity with

24  statutory requirements. *See Little York Gold-Washing & Water Co. v. Keyes*, 96

25  U.S. 199, 201 (1877). "Federal courts are courts of limited jurisdiction, having

26  subject matter jurisdiction only over matters authorized by the Constitution and

27  Congress." *HSBC Bank USA v. Ramirez*, No. CV 08-05638, 2008 U.S. Dist.

28  LEXIS 89881 (C.D. Cal. Oct. 21, 2008). In deference to Congress' intent to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*restrict* federal court jurisdiction (*see* footnote 1, *supra*), and in appreciation of the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157 at 38 (2d ed. 1989). "The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."); *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988) ("This court strictly construes the removal statute against removal jurisdiction."); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985) ("[w]e strictly construe the removal statute against removal jurisdiction"). This strong presumption is "to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The strong presumption against removal applies equally to removal under CAFA. *Sneddon v. Hotwire, Inc.*, No. C 05-0951, 2005 U.S. Dist. LEXIS 13257, at *5 (N.D. Cal. June 29, 2005).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.") In determining whether Defendants have met their burden, all inferences are to be drawn against Defendants and in favor of remand. "Disputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of the removal in the first instance" since lack of federal

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

jurisdiction would make litigating the disputed matter in federal court a futile effort.  *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1067 (9th Cir. 1979) (superseded by statute on other grounds); *see also Paz v. Playtex Prods.*, No. 07cv2133, 2008 U.S. Dist. LEXIS 1829, at * 5 (S.D. Cal. Jan. 10, 2008) ("Any doubts regarding removal jurisdiction are construed against Defendant and in favor of remanding the case to state court.")

### C.   Defendants Must Establish Both That Plaintiff's Individual Damages Are In Excess of $75,000 And That The Total Amount In Controversy Is In Excess Of $5 Million

To invoke CAFA—were it even applicable—Defendants would have to establish the requisite amounts in controversy as well as Plaintiff's individual damages.  "After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met."  *Serabian v. Cellco P'ship*, No. CV 10-01891, 2010 U.S. Dist. LEXIS 66531 (C.D. Cal. June 14, 2010).

First, because Defendants removed this action based on CAFA, they must establish that the total amount in controversy exceeds $5 million.  *See* 28 U.S.C. § 1332(d).

Second, because this is a representative action and not a class action, it would also need to satisfy the requirements of a "mass action"[5] and thus Defendants must show that Plaintiff's damages exceed $75,000.  *Compare* 28 U.S.C. §1332(d)(11)(B)(i) *with* 28 U.S.C. § 1332(a).

In addition to the $75,000 requirement as to "mass actions" a recent federal appellate court also held that this $75,000 individual damages requirement applies to all actions removed via CAFA:

---

[5] This PAGA action is not a "mass action" because CAFA excludes these type of representative actions from the definition of "mass action."  *See* 28 U.S.C. § 1332(d)(11)(B)(ii); *see also Nat'l Consumers League v. General Mills, Inc.*, No. 09-01881, 2010 U.S. Dist. LEXIS 3307, *8-9 (D.D.C. Jan. 15, 2010).

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

> We hold that in a CAFA action originally filed in federal court, at least one of the plaintiffs must allege an amount in controversy that satisfies the current congressional requirement for diversity jurisdiction provided in 28 U.S.C. § 1332(a). Such a conclusion is compelled by the language of § 1332 as well as the general principle that federal courts are tribunals of limited jurisdiction whose power to hear cases must be authorized by the Constitution and by Congress.

*Cappuccitti v. DirecTV, Inc.*, 2010 U.S. App. LEXIS 14724, 11-12 (11th Cir. Ga. July 19, 2010).

Thus, Defendants must establish both a total amount in controversy of $5 million and that Plaintiff's individual damages exceed $75,000.

Defendants have established neither.

**D.   Defendants Have Not Satisfied CAFA's Requirements**

**1.   Defendants Have Not Established That the Total Amount in Controversy Exceeds $5 Million**

Because Plaintiff has not pleaded a specific total amount in controversy it is "incumbent upon Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied." *Verner v. Swiss II, LLC*, No. CV 09-5701, 2010 U.S. Dist. LEXIS 4443, at *7 (C.D. Cal. Jan. 6, 2010). However, Defendants' notice of removal relies on speculation and conjecture and thus fails to satisfy its substantial burden to prove that the required amount in controversy has been met by a preponderance of the evidence.

"[W]hen the plaintiff fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007). However, "[w]hen an action has been removed and the amount in controversy is in doubt, there is a 'strong presumption' that the plaintiff has not claimed an amount sufficient to confer jurisdiction." *HSBC Bank USA v. Ramirez*, 2008 U.S. Dist. LEXIS 89881

1   (C.D. Cal. Oct. 21, 2008); *Piazza v. EMPI, Inc.*, No. 1:07-cv-00954, 2008 U.S.

2   Dist. LEXIS 28136, at *40 (E.D. Cal. Feb. 28, 2008) ("[i]n removal cases,

3   '[t]here is a strong presumption that the plaintiff has not claimed a large amount

4   in order to confer jurisdiction on a federal court or that the parties have colluded

5   to that end.'")

6        Speculative assertions and estimations are insufficient to satisfy

7   Defendants' substantial burden.  "Removal cannot be based simply on a

8   defendant's conclusory allegations where the ad damnum clause is silent."

9   *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, No. C-03-1509, 2003 U.S. Dist.

10  LEXIS 20339 (N.D. Cal. Nov. 4, 2003).  "Conclusory allegations as to the

11  amount in controversy are insufficient."  *City & County of San Francisco v.*

12  *Western Transport, Inc.*, No C-06-3930, 2006 U.S. Dist. LEXIS 84771, at *3

13  (N.D. Cal. Nov. 9, 2006); *see also Castillo v. Apple Core Enters.*, 2009 U.S.

14  Dist. LEXIS 78463 (S.D. Cal. Sep. 1, 2009) ("The Court cannot base its

15  jurisdiction on Defendant's 'speculation and conjecture.'")

16       Rather, "the defendant 'must submit summary-judgment-type evidence to

17  establish that the actual amount in controversy exceeds [the threshold amount].'"

18  *Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, No. 09-651,

19  2009 U.S. Dist. LEXIS 92063, at *5-6 (C.D. Cal. Sep. 14, 2009) (citation

20  omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

21  2004).

22       With respect to the total amount in controversy of over $5 million, a

23  review of Defendants' notice of removal shows that it is not supported by

24  summary judgment-type evidence but rather a scant amount of facts

25  accompanied by numerous unsupported assumptions which are then multiplied

26  together to arrive at Defendants' conclusions.  Although Defendants provide

27  some evidence of the number of prospective class members (7,360 individuals

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   employed as Customer Service Associates in Defendants' California locations)[6]

2   the rest of Defendants' calculations are founded on speculative assumptions.

3       First, Defendants assume that each class member suffered a Labor Code

4   violation every single pay period.  (*See* Defs.' Not. of Removal at 8:23-28.)  This

5   incredible 100% violation rate is not based on any evidence but merely assumed

6   to support Defendants' ultimate conclusions.  (*Id.*)  Using these assumptions

7   Defendants then calculate the total PAGA penalties as being an astonishing

8   $18,125,400.  (*See* Defs.' Not. of Removal at 9:2-10.)

9       Second, in an attempt to argue that Defendants present a "conservative"

10  figure, Defendants chose the portion of the 7,360 potential "class members"[7]

11  who purportedly had the maximum number of pay periods with which to work.

12  What Defendants have done is simply multiplied the number of class members

13  who purportedly worked continuously during the relevant time period (3,554) by

14  the maximum number of pay periods (26) to arrive at a PAGA penalty

15  calculation of $18,125,400.  (*See* Defs.' Not. of Removal at 9:2-10.)  Given

16  Defendants' bald assumption about the 100% violation rate, choosing a portion

17  of the potential "class members" that worked the maximum possible number of

18  pay periods compounds Defendants' attempt to demonstrate, with no evidence,

19  that the total amount in controversy exceeds $5 million.

20      These type of theoretical calculations do not satisfy Defendants' burden

21  because "[defendants] mathematical arguments are not evidence; they are

22  speculation."  *Alpert v. Time Warner Cable, Inc.*, No. 08-CV-0582, 2008 U.S.

23  Dist. LEXIS 51623, at *14 (S.D. Cal. Jun. 30, 2008).  District courts have

24  repeatedly remanded cases with removal papers based on similar conjecture.

25      *Green v. Staples Contract & Commer., Inc.* is illustrative but involved

26  meal and rest breaks.  *Green*, No. CV 08-71382008 U.S. Dist. LEXIS 104364

27
28  ---
    [6] Plaintiff asserts that aggregating any potential penalties of aggrieved
    employees is improper in the first place because this is not a class action.
    [7] As stated above in section III, A, this is not a class action.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(C.D. Cal. Dec. 10, 2008).  In *Green*, the defendant set forth more facts by evidencing the number of class members, the average hourly rate, *and* the total number of workweeks.  *Id.* at *9-10.  The defendant then, as done here, assumed a number of violations and then simply multiplied these assumed numbers by the total number of workweeks and hourly rate to arrive at its conclusion of $14 million in controversy.  *Id.* at *10.  In fact, the *Green* defendant's assumptions had more evidentiary support than Defendants do here as they were at least premised on the plaintiff's discovery responses, which estimated missing approximately six meal periods and five rest periods a week.  However, Judge Stephen Wilson of the Central District of California found these assumptions insufficient:

> Taking a close look at Defendant's purported figures, however, there is a conspicuous lack of evidentiary support for these numbers.  Defendant's primary argument is that since Plaintiff claimed in discovery responses that she missed approximately six meal breaks and five rest breaks per week, it can be assumed that all other members of the class missed the same. *However, there is no evidence indicating how many rest and meal breaks the other class members missed.*

*Id.* (emphasis added).  The court found these assumptions insufficient because "many of the employees could have experienced only one or two missed meal and rest breaks per week or even per month.  There is no evidence to support Defendant's claim that all class members experienced the same kind of treatment as Plaintiff."  *Id.* at 10-11.  Judge Wilson's rationale applies equally here because in this instance, Plaintiff has not pleaded any number of violations per pay period.  Here, Defendant's assumptions as to the frequency of violations are completely fabricated only to achieve the obvious purpose of attempting to establish the amount in controversy necessary to support its removal under CAFA.

Similarly, in *Fletcher v. Toro Co.*, No. 08-cv-2275, 2009 U.S. Dist. LEXIS 126693 (S.D. Cal. Feb. 3, 2009), the defendant sought to establish the amount in

1   controversy for federal jurisdiction by assuming one missed meal period and one

2   missed rest period per day, for each employee, and then simply multiplied those

3   assumptions by the average wage rate and estimated time period. *Id.* at *21.

4   The court in *Fletcher* also found the defendant's calculations wanting:

5   > Even though Defendant's calculations appear to be
6   > based solely on the Complaint's allegations, they lack
    > evidentiary support.   Unlike the class size estimate,
    > Defendant did not submit any evidence in support of
7   > this estimate.

8   *Id.* at *22.  Remanding the case, the court in *Fletcher* reiterated that a

9   "[d]efendant does not carry its burden by merely assuming maximum damages

10  without providing supporting evidence." *Id.* at *25.

11          In *Alvarez v. Ltd. Express, LLC*, No. 07CV1051, 2007 U.S. Dist. LEXIS

12  58148 (S.D. Cal. Aug. 8, 2007), after providing the number of class members

13  and hourly rate, the defendant assumed each class member worked for six

14  months and then arrived at damages of $19.7 million.  Again, the district court

15  rejected the defendant's calculations and remanded the case:

16  > To calculate the amount in controversy, defendant
    > assumes the average class member worked six months.
17  > (Citation omitted.)   However, defendant submits no
    > evidence to support that figure.
18
    > ...
19
20  > Without "summary judgment type evidence" from
    > defendant concerning the average time worked during
21  > the class period, the Court cannot accurately compute
    > damages or civil penalties.

22  *Id.* at *11-12.

23          Additionally, a remand in another wage and hour action is instructive here.

24  In *Smith v. Brinker Int'l, Inc.*, No. C 10-0213, 2010 U.S. Dist. LEXIS 54110

25  (N.D. Cal. May 5, 2010), an action against Chili's restaurant was filed alleging

26  various claims for failure to pay overtime, failure to provide meal and rest

27  breaks, failure to timely pay wages, and failure to provide properly formatted

28  wage statements, etc.  As here, the defendant removed the case and supported

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   removal with similar assumptions as to the violation rates.  The district court

2   remanded the case and held:

> Defendants' assumption that each plaintiff worked 2.5
> hours overtime each day is not supported by the
> allegations in the operative complaint.  Plaintiffs allege
> that they "regularly and consistently worked over eight
> (8) hours in a day, twelve (12) hours in a day, or forty
> (40) hours in a week during their employment with
> Defendants."  FAC P 20.  The complaint does not
> quantify the number of overtime hours that are
> allegedly subject to compensation, nor the number of
> meal and rest periods that defendants allegedly failed to
> provide.  Defendants provide no sufficient basis to
> apply its assumption of 2.5 overtime hours each day
> towards calculating the amount in controversy.  The
> court may not base its jurisdiction on speculation and
> conjecture.

11   *Id.* at *7-8.

12   Similarly, in *Riddoch v. McCormick & Schmicks Seafood Rests., Inc.*, No.

13   CV 09-07127, 2010 U.S. Dist. LEXIS 65799 (C.D. Cal. Jun. 28, 2010), the

14   plaintiff filed an action alleging numerous claims including unpaid overtime and

15   meal and rest break violations.  *Id.* at *3.  With the class size of 4,217 persons

16   and 111,539 pay periods evidenced by declaration, the defendant then assumed

17   one unpaid overtime hour per week, seven meal period violations each pay

18   period, in order to generate an amount in controversy of over $5 million.  *Id.* at

19   3-4.  In deciding the motion to remand, the court first reiterated that "[w]hen

20   ruling on a remand motion, the Court determines removability from the

21   Complaint as it existed at the time of removal."  *Id.* at 5.  The court then

22   summarily rejected the defendant's invitation to speculate stating "[t]he Court

23   concludes that Defendant's calculations are too speculative in nature."  *Id.* at 7.

24   The court held:

> The Court rejects Defendant's damage calculations for
> the (1) Unpaid Overtime Compensation and (2) Meal
> and Rest Break Claims because the numbers of
> violations utilized are not supported by competent
> evidence, but are used solely because Defendant finds
> the numbers to be subjectively "reasonable."  The
> aggregate class-wide damages for both claims are

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

> produced by multiplying the number of projected violations, which Defendant claims to be "reasonable," by the amount of penalties or damages to be paid for each violation. Defendant asserts that out of a total of 111,539 two-week pay periods, it is not unreasonable to assume that each class member was denied seven meal breaks per pay period, and that each member of the putative class was denied one hour of overtime pay per week. These proposed numbers, not surprisingly, lead to possible damage amounts which far exceed the requisite $ 5 million. Defendant however, does not adduce any evidence to support these numbers. The amount in controversy estimate that Defendant puts forth might be reasonable, but without any support, the amount is purely speculative…

*Id.* at *7-8. The court then stated that the defendant's method of calculating the amount in controversy by assuming violation rates is insufficient to satisfy its burden. "[I]f the Complaint is considered ambiguous regarding the frequency with which [ ] violations occurred, the Court cannot resolve that ambiguity in favor of federal jurisdiction." *Id.* at 9. The court then remanded the action.

District courts have likewise remanded other cases where defendants assumed at least one variable of their damages equation. *Serabian v. Cellco P'ship*, 2010 U.S. Dist. LEXIS 66531 (remanding consumer cellular telephone overcharge action where defendant merely evidenced its profits but not the percentage that was allegedly unauthorized); *Hayrapetyan v. Am. Int'l Group, Inc.*, No. 10-1590, 2010 U.S. Dist. LEXIS 58144, at *5 (C.D. Cal. May 18, 2010) (remanding a class action for underpayment of insurance claims for not paying the value of the gas in the tank when Defendant assumed a half-tank of gas at the prevailing gas rate and holding "the computation is based on an unreliable figure and Defendants' 'reasonable' and 'conservative' estimation is not evidence"); *Coit v. Fid. Assur. Assocs., LLC*, No. C 08-02585, 2008 U.S. Dist. LEXIS 111144 (N.D. Cal. Aug. 6, 2008) (remanding investment fraud action were defendant assumed 35% of class members had investments at or over $166,000 and holding "[t]he Ninth Circuit affirmed and noted that courts have frequently frowned upon such suppositions"); *Pereira v. Gate Gourmet, Inc.*, No. 08-07469,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   2009 U.S. Dist. LEXIS 41330 (C.D. Cal. Apr. 30, 2009) (remanding section 203

2   action where defendant failed to produce sufficient evidence to support its

3   assumption that class members waited at least ten days to receive their final

4   wages); *Alpert*, 2008 U.S. Dist. LEXIS 51623, at *14-15 (remanding cable

5   overcharge action where defendant's class-wide calculations were premised on

6   plaintiff's overcharge damages without evidence it applied to the rest of the class

7   and holding "Time Warner merely highlights Alpert's damages, does not provide

8   evidence of whether Alpert's subscriptions or damages are representative, does

9   not provide evidence of the extent to which other class members may have been

10  injured, and uses its one-size-fits-all calculation to fill in the blanks.").

11          While Plaintiff has alleged that she and other aggrieved employees

12  regularly suffered violation of the California Labor Code, Defendants'

13  assumptions as to the frequency of these violations are not supported by

14  summary judgment-type evidence.  Piling assumption upon assumption is

15  conjecture, not evidence.  All inferences must be in favor of remanding.

16  Because Defendants have thrust this PAGA action into federal court, the burden

17  of keeping the action in federal court lies solely with Defendants.  Defendants

18  have not presented the Court with the requisite evidence to meet that burden.

19          **2.      Defendants Have Not Established Plaintiff's Damages**

20              **Exceed $75,000 by a Legal Certainty**

21          Where a plaintiff "has pled an amount in controversy less than [the

22  jurisdictional amount] the party seeking removal must prove with legal certainty

23  that CAFA's jurisdictional amount is met." *Riddoch v. McCormick & Schmicks*

24  *Seafood Rests., Inc.*, No. CV 09-07127, 2010 U.S. Dist. LEXIS 65799, *5-6

25  (C.D. Cal. June 28, 2010); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994,

26  999 (9th Cir. 2007) (establishing that the where a complaint specifies an amount

27  in controversy under the jurisdictional amount, the party seeking remand must

28  prove by a "legal certainty" that it amount in controversy is met).  Because

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Plaintiff's complaint specifically pleads that her individual claims are under

2  $75,000, in order to remain in federal court, Defendants must show that

3  Plaintiff's individual damages are in excess of $75,000 by a legal certainty.

4       Despite Plaintiff's complaint specifically pleading individual damages of

5  less than $75,000, Defendants' notice of removal is entirely silent as to

6  Plaintiff's individual damages.  Nor could Defendants possibly show that

7  Plaintiff's individual damages exceed $75,000.  As this action was originally

8  filed on December 23, 2010 and arguably has a one-year statute of limitation,

9  Plaintiff only worked at most two weeks during the relevant statutory period as

10  she left Defendants' employment in December 2009.  This could only amount to

11  a total of $100 (1 week x $100)[8].  *See* Cal. Lab. Code § 2699(f)(2).

12       Thus, Defendants have failed to establish to a legal certainty that

13  Plaintiff's individual damages are in excess of $75,000.

14        **3.**    **Defendants' Calculations Are Further Flawed Because**

15            **75% of Any PAGA Penalties Awarded Are to Be Given to**

16            **the State of California and Thus Not Considered for**

17            **Purposes of Establishing the Total Amount in Controversy**

18       Another critical omission in Defendants' calculations is the failure to take

19  into consideration that 75% of the PAGA penalties are not to be considered as

20  they are provided directly to the State of California.  *See* Cal. Lab. Code

21  § 2699(i).  Federal courts have specifically declined to consider the 75% that is

22  provided to the State of California.  *Pulera v. F&B, Inc.*, No. 2:08-cv-00275,

23  2008 U.S. Dist. LEXIS 72659, *13 (E.D. Cal. Aug. 18, 2008) ("The amounts

24  recoverable by Plaintiff based on his PAGA claims are separate and distinct from

25  the amounts recoverable by the State of California via the LWDA, and therefore

26  these amounts may not be aggregated.")  Thus, 75% of Defendants' calculations,

27  which are premised on faulty assumptions in any event, are not properly

28      
_____

[8] Defendants pay based on a bi-weekly pay period.

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

1   considered for purposes of establishing the total amount in controversy.

2       **4.    Defendants' Reference to Other Fees and Costs Are Vague**
3       **and Unsupported**

4   Along with the assumed penalties set forth above, Defendants throw in a

5   vague and unspecified amount of attorneys' fees.  Defendants fail to even

6   estimate the amount of attorneys' fees.  Rather Defendants improperly leave it to

7   the Court to speculate as to how much or how little the attorneys' fees would be

8   and the resulting impact on the amount in controversy.  "While the parties agree

9   that attorneys' fees are properly included in the amount in controversy,

10  Defendants' fail to provide evidence showing what a reasonable attorney's fee

11  award might be in this case." *Hayrapetyan*, 2010 U.S. Dist. LEXIS 58144 at

12  *13.  "Defendants do not offer any estimate or calculation of fees which

13  plaintiffs may seek, and the court declines to speculate as to the amount of fees."

14  *Smith*, 2010 U.S. Dist. LEXIS 54110 at *11.  Because Defendants' notice of

15  removal does not provide even an estimate as to the amount of potential

16  attorneys' fees, no such amount should be considered in deciding whether the

17  requisite amounts in controversy have been met.

18  Additionally, as the civil penalties are speculative, the attorneys' fees

19  related to those penalties are also speculative.  In *Fletcher*, the defendant's

20  attorneys calculated the amount of attorneys' fees that might add to the total

21  amount in controversy by referring to a declaration from the plaintiff's attorneys'

22  which was used to support the request for fees in having to seek removal.  Even

23  though the defendant's calculation had *some* factual support—whereas here there

24  is none—the district court rejected this assumption:

25          Mr. Kinkead's hourly rate notwithstanding, Defendant
            fails to carry its burden of showing to a legal certainty
26          the amount of fees that this case is expected to generate.
            It did not introduce any evidence on this issue.
27

28  *Fletcher* at *26.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Defendants fail to even estimate an amount of attorneys' fees much less
2   provide evidence to support an estimate.  Accordingly, Defendants' unspecified
3   attorneys' fees assertion should not be considered in determining whether the
4   amount in controversy has been met.

5   **E.   Defendants' Notice Of Removal Is Premature As Plaintiff's**
6   **Complaint Does Not Plead Either That Plaintiff's Damages Are**
7   **In Excess Of $75,000 Or A Total Amount In Controversy Over**
8   **$5 Million**

9   Because Plaintiff's complaint specifically pleads that Plaintiff's total
10  damages are less than the $75,000 threshold for federal jurisdiction and does not
11  specifically plead a total amount in controversy (which is not required in state
12  court), there is no pleading that establishes the requisite amounts in controversy.
13  Accordingly, Defendants improperly removed this action.

14  In *Harris v. Bankers Life & Cas. Co.*, the Ninth Circuit was charged with
15  determining the proper time to remove an action based on the filing of a
16  complaint.  It held that the time to remove runs from the date of receipt of a
17  pleading that shows the requisite elements of federal jurisdiction, as follows:

18  We now conclude that notice of removability under
    § 1446(b) is determined through examination of the
19  four corners of the applicable pleadings, not through
    subjective knowledge or a duty to make further inquiry.

20  …

21  If no ground for removal is evident in that pleading, the
22  case is "not removable" at that stage.

23  425 F.3d at 694.  Defendants' Notice of Removal essentially concedes that the
24  Complaint has no allegations which directly establish Plaintiff's damages are
25  over $75,000 or a total amount in controversy in excess of $5 Million.  (*See*
26  *generally* Def.'s Not. of Removal.)  Moreover, Plaintiff's complaint specifically
27  pleads that her individual damages are under $75,000.  Accordingly, this case
28  was "not removable" at the time Defendant improperly removed it.  *See Rossetto*

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND

1   *v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1130 (D. Haw. 2009)

2   (remanding and holding that the defendant's notice of removal was premature as

3   no document had yet been filed by plaintiff which pleaded sufficient facts to

4   establish federal jurisdiction); *Abrego*, 443 F.3d at 691-692 (holding that the

5   defendant's notice of removal was premature).

6       Because no pleading has set forth either required amount in controversy,

7   the case was not removable at the time Defendants filed their notice of removal.

8   **IV.   CONCLUSION**

9       For the foregoing reasons, Plaintiff requests that the motion be granted and

10  the case remanded back to Los Angeles Superior Court.

11

12  Dated:  April 18, 2011                    Respectfully submitted,

13                                            Initiative Legal Group APC

14

15                                    By: _____

16                                            Mark P. Estrella
                                              David M. Medby
17                                            Sue J. Kim

18                                            Attorneys for Plaintiff Alyssa Jones

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF MOTION AND MOTION FOR REMAND