Mark P. Estrella (SBN 187091)
MEstrella@InitiativeLegal.com
David M. Medby (SBN 227401)
DMedby@InitiativeLegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:    (310) 861-9051

Attorneys for Plaintiff Alyssa Jones

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA JONES, individually, and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  CV11-2325 PSG (SHx)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:          June 6, 2011<br>Time:         1:30 p.m.<br>Place:        Courtroom 880<br><br>Removal Filed:   March 18, 2011 |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT ................................................................................................... 2

 A. The Plain Language Of CAFA Excludes
  Representative Actions And Defendants Provide No
  Controlling Authority Permitting The Removal Of A
  PAGA-Only Action................................................................................ 2

 B. Defendants' Assumed 100% Violation Rate Is
  Unsound As The Vast Majority Of Authority Refuse
  To Permit Speculation........................................................................... 7

 C. Defendants' Calculations For Civil Penalties Under
  PAGA Ignore That Seventy-Five Percent Of All
  Recovered Penalties Must Be Paid To The California
  Labor and Workforce Development Agency........................................ 9

 D. Because Defendants' Notice Of Removal Is Silent
  With Respect To Attorney's Fees, Such Fees Should
  Not Be Considered ............................................................................... 9

III. CONCLUSION............................................................................................. 10

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adams v. Luxottica U.S. Holdings Company*, 2009 U.S. Dist.
LEXIS 130660 (C.D. Cal. Jul. 24, 2009) ........................................ 5

*Alpert v. Time Warner Cable, Inc.*, 2008 U.S. Dist. LEXIS
51623 (S.D. Cal. June 30, 2008) ...................................................... 8

*Boggs v. Lewis,* 863 F.2d 662 (9th Cir. 1988) ...................................... 4

*Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) .................. 3

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992) ................... 3

*Dunlap v. Superior Court (Bank of America)*, 142 Cal. App.
4th 330 (2006).................................................................................. 6

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. Cal. 1988) ................. 4

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).......... 4

*Fletcher v. Toro Co.*, 2009 U.S. Dist. LEXIS 126693 (S.D.
Cal. Feb. 3, 2009)............................................................................ 7

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ............................... 4

*Green v. Staples Contract & Commer., Inc.*, 2008 U.S. Dist.
LEXIS 104364 (C.D. Cal. Dec. 10, 2008) ................................. 7, 10

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)........................ 4

*Hayrapetyan*, 2010 U.S. Dist. LEXIS 58144 (C.D. Cal.
May 18, 2010).............................................................................. 10

*Labastida v. McNeil Techs.*, 2010 U.S. Dist. LEXIS 124025
(S.D. Cal. Nov. 23, 2010) ............................................................... 9

*Martinez v. Morgan Stanley & Co.*, No. 09cv2937-L, 2010
U.S. Dist. LEXIS 80797 (S.D. Cal. Aug. 9, 2010)...................... 4, 7

*Pulera v. TW Constr. Co., Inc.*, 2008 U.S. Dist. LEXIS 72659
(E.D. Cal. Aug. 19, 2008) ............................................................... 9

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*Riddoch v. McCormick & Schmicks Seafood Rests., Inc.*, No. CV 09-07127, 2010 U.S. Dist. LEXIS 65799 (C.D. Cal. June 28, 2010) ...................................................................................... 7

*Schiller v. David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS 81128 (E.D. Cal. Jul. 14, 2010) ....................................................................... 9

*Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110 (N.D. Cal. May 5, 2010) ......................................................................... 8

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) ............................................................................................ 4

*Thompson v. APM Terminals Pac. Ltd.*, 2010 U.S. Dist. LEXIS 142537 (N.D. Cal. Aug. 26, 2010) ............................................... 4, 5

**STATE CASES**

*Arias v. Superior Court*, 46 Cal. 4th 969 (2009) ............................................... 3, 5

**FEDERAL STATUTES**

28 U.S.C. § 1332(d) ....................................................................................... 3

28 U.S.C. § 1446(b) ....................................................................................... 4

Class Action Fairness Act (CAFA) .................................................... *passim*

Fed. R. Civ. P. 23 ........................................................................... *passim*

**STATE STATUTES**

Cal. Code Civ. P. § 382 ................................................................... 3, 4, 5

Cal. Lab. Code Priv. Attys. Gen. Act (PAGA) ............................... *passim*

Cal. Unfair Competition Law (UCL) ............................................................. 5

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

SECONDARY AUTHORITIES

Sen. Rules Com., Off. Of Sen. Floor Analyses, Sen. floor
    analysis of Sen. Bill No. 796 (2003-2004 Reg. Sess.) as
    amended Sept. 2, 2003, p.2 ................................................................. 6

Weil & Brown, CAL . PRAC. GUIDE: CIV. PRO. BEFORE
    TRIAL (The Rutter Group 2010) ¶ 6:32 ......................................... 1

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# I.    INTRODUCTION

Defendants J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. ("Defendants") claim that this Court has jurisdiction under the Class Action Fairness Act of 2005, title 28 U.S.C. section 1332(d) ("CAFA").  The plain language of CAFA restricts its application to class actions brought under either Rule 23 or other similar state statutes that provide for the bringing of class actions.  This action, however, is not a class action,[1] but rather it is a representative action for civil penalties, brought under California's Private Attorney General Act, California Labor Code section 2698 *et seq.* ("PAGA").  Defendants essentially argue that a PAGA action must be brought as a class action in federal court and, therefore, a PAGA action is removable under CAFA.  There is no controlling authority that supports such a position.

Based upon CAFA's express and plain language, CAFA clearly applies only to class actions and there is no controlling authority supporting Defendants' claim that PAGA actions are class actions.  Furthermore, both the Supreme Court and Ninth Circuit have made clear that removal statutes are to be *strictly* construed *against removal* and *in favor of remand*.  Thus, any disputed issues of fact and law are to be resolved in favor of remand.

Even ignoring that CAFA does not apply here, Defendants also have failed to establish that the total amount in controversy exceeds $5 million with the requisite summary judgment type evidence.  Defendants cannot escape the fact

_____

[1] Defendants assert that the designation of the nature of the action as a "class action" is determinative of the claims pleaded in Plaintiff's operative complaint.  However, other than a reference to "all other members of the public similarly situated" in one paragraph of the complaint, which would be an appropriate reference for one bringing a representative PAGA action and not a class action, Defendants make no reference to any other purported "class" allegations in the actual body of the operative complaint.  Though mistakenly couched as a "class action" on the title page, the designation of the nature of the action is primarily for the state court's use for calendar control and statistical purposes.  *See* Weil & Brown, CAL . PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2010) ¶ 6:32 ("It does *not* affect or limit the claims pleaded or the relief that may be awarded.").

1    that their calculations rest upon assumptions regarding the number of Labor

2    Code violations.  However, rather than submit enough evidence to support their

3    calculations, Defendants continue to assume a remarkable 100% violation rate.

4    The overwhelming majority of courts refuse to so speculate because the burden

5    is on the removing party to support all assertions with summary judgment type

6    evidence, and there is no requirement for a remanding party to disprove any

7    assumptions.

8        Accordingly, as set forth more fully below, this action should be remanded

9    to the Superior Court of Los Angeles County.

10   **II.    ARGUMENT**

11       **A.    The Plain Language Of CAFA Excludes Representative Actions**

12            **And Defendants Provide No Controlling Authority Permitting**

13            **The Removal Of A PAGA-Only Action**

14       Defendants essentially argue that this representative action, brought under

15   California's PAGA statute, is removable under CAFA because it must be

16   brought as a class action in federal court.  However, no controlling authority

17   supports Defendants' position.  In short, in making their arguments in support of

18   removal, Defendants are attempting to shoehorn this PAGA representative action

19   into CAFA's definition of a "class action."  Despite such efforts, the shoe still

20   does not fit.  CAFA clearly defines a "class action" as one that is brought under

21   Rule 23 or similar *class action* statues.  This does not include Plaintiff's

22   representative action, brought under California's Private Attorney General Act.

23   *See* Cal. Lab. Code § 2698 *et seq*.

24       It is a well-established canon of statutory construction that resorting to

25   secondary authority is inappropriate when the statute addresses the issue:

26           When a court reviews an agency's construction of the
             statute which it administers, it is confronted with two
27           questions.    First, always, is the question whether
             Congress has directly spoken to the precise question at
28           issue.  If the intent of Congress is clear, that is the end

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  of the matter; for the court, as well as the agency, must
2  give effect to the unambiguously expressed intent of
   Congress.

3  *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-843 (1984); *see also*

4  *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992) ("When the

5  words of a statute are unambiguous, then, this first canon is also the last:

6  'judicial inquiry is complete.'")

7      CAFA defines a "class action" as follows:

8          (1) In this subsection—

9          (A) the term "class" means all of the class members in a
            class action;

10
11         (B) the term "class action" means any civil action filed
            under rule 23 of the Federal Rules of Civil Procedure or
            similar State statute or rule of judicial procedure
12         authorizing an action to be brought by 1 or more
            representative persons as a class action;

13
14         (C) the term "class certification order" means an order
            issued by a court approving the treatment of some or all
            aspects of a civil action as a class action; and
15
16         (D) the term "class members" means the persons
            (named or unnamed) who fall within the definition of
            the proposed or certified class in a class action.
17

18  28 U.S.C. § 1332(d).  Thus, under CAFA, a "class action" is an action brought

19  either under Rule 23 or another similar State statute authorizing an action to be

20  brought as a "class action."  The similar State statute that section 1332(d) refers

21  to is not simply *any* other statute, but rather it is a statute that provides the

22  procedure for bringing a *class action*.  In other words, CAFA's discussion of a

23  "similar State statute . . . authorizing an action to be brought . . . as a class

24  action" refers to state versions of Rule 23.  28 U.S.C. § 1332(d).  For instance, in

25  California, the "similar state statute authorizing a class action" has been held to

26  be California Civil Procedure Code section 382.  *See Arias v. Superior Court*, 46

27  Cal. 4th 969, 978 (2009) ("This court has interpreted Code of Civil Procedure

28  section 382 as authorizing class actions.")  This PAGA action is brought only

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   under California Labor Code section 2698 *et seq.*, not under Rule 23 of the

2   Federal Rules of Procedure, nor under California Civil Procedure Code section

3   382.  Moreover, this action does not seek to certify any class nor does it seek to

4   recover actual damages.

5          In their effort to shoehorn this PAGA action into CAFA's definition of a

6   "class action," Defendants ask the Court to construe CAFA broadly (*see* Defs.'

7   Opp. at 1:13-15), which is inconsistent with the standard for removal.  The Ninth

8   Circuit has made it clear that "the removal statute is construed strictly against

9   removal" to protect[2] the jurisdiction of state courts.  *Ethridge v. Harbor House*

10  *Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *see also Gaus v. Miles, Inc.*, 980 F.2d

11  564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against

12  removal jurisdiction."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

13  Cir. Cal. 1988) (same); *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988)

14  (same); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.

15  1985) (same); *Martinez v. Morgan Stanley & Co.*, No. 09cv2937-L, 2010 U.S.

16  Dist. LEXIS 80797 (S.D. Cal. Aug. 9, 2010) ("Consistent with the limited

17  jurisdiction of federal courts, the removal statute is strictly construed against

18  removal jurisdiction.")

19         Defendants rely primarily on *Thompson v. APM Terminals Pac. Ltd.*, 2010

20  U.S. Dist. LEXIS 142537 (N.D. Cal. Aug. 26, 2010), for the proposition that

21  plaintiffs pursuing PAGA penalties in federal court must satisfy the requisites of

22  Federal Rule 23.  However, the context in which the district court in *Thompson*

23  adopted this proposition is telling.  In *Thompson*, the issue before the district

24  _____

     [2] *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)
25  ("we are not unmindful of the canon that instructs that removal statutes should be
    construed narrowly in favor of remand to protect the jurisdiction of state courts.
26  (Internal citations omitted.)  Our interpretation of 28 U.S.C. § 1446(b) is
    consistent with the goal of the canon, which guards against premature and
27  protective removals and minimizes the potential for a cottage industry of
    removal litigation.  By assuring that removal occurs once the jurisdictional facts
28  supporting removal are evident, we also ensure respect for the jurisdiction of
    state courts.)

1  court was whether to strike the defendant's affirmative defense that the plaintiff

2  must comply with the requirements of Rule 23 to sue under PAGA.  Though the

3  court did adopt the rationale that supports Defendants' position, procedurally the

4  effect of the district court's reasoning is limited by the procedural context in

5  which it was made.  In *Thompson*, the effect was to preserve a defendant's

6  affirmative defense.  *Id.* at \*6.  *Thompson* did not involve the issue addressed

7  here, i.e., whether a sole PAGA action supports removal under CAFA.  By virtue

8  of where and effectively what it decided, *Thompson* is not controlling authority.

9      Similarly, in *Adams v. Luxottica U.S. Holdings Company*, 2009 U.S. Dist.

10 LEXIS 130660 (C.D. Cal. Jul. 24, 2009), also cited by Defendants, the district

11 court was addressing the issue of standing, not removal, and even in its

12 reasoning, the district court acknowledged the possibility that PAGA plaintiffs

13 could establish standing by means other than satisfying the requirements of Rule

14 23.  *Id.* at \*16.  *Adams* did not involve the issue addressed here, i.e., whether a

15 sole PAGA action supports removal under CAFA.  *Adams* also is not controlling

16 authority.

17     Defendants go on to argue that *Arias v. Superior Court*, 46 Cal. 4th 969,

18 977 (2009) is not determinative, as they must considering *Arias* specifically held

19 that PAGA actions are not class actions.  Although Defendants give short shrift

20 to *Arias*, the California Supreme Court made clear in *Arias* that a PAGA action

21 is substantially different than a class action.  In *Arias*, the plaintiff brought an

22 action for representative claims under PAGA and the Unfair Competition Law

23 (California Business and Professions code section 17200 et seq.)  At issue in

24 *Arias*, was whether Plaintiff had to satisfy the class action requirements, as to

25 either claims, as set forth in California Civil Code of Procedure section 382.  In

26 holding that a PAGA action was not a class action and thus not subject to these

27 requirements, the California Supreme Court first clarified that "[t]here are two

28 forms of representative actions: those that are brought as class actions and those

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

1    that are not." While *Arias* held that claims under 17200 needed to be brought as

2    class actions, it held that PAGA claims do not. *Arias*, 46 Cal. 4th at 975.

3         *Arias* went on to explain that the Plaintiff in a PAGA action is the "proxy"

4    of the LWDA and the purpose of PAGA is not the recovery of actual damages

5    (as it was in *La. ex rel. Caldwell*) but to benefit the public by enforcement of the

6    California Labor Code:  "an action under the act is designed to protect the public,

7    and the potential impact on remedies other than civil penalties is ancillary to the

8    action's primary objective." *Arias*, 46 Cal. 4th at 987.  Indeed, these civil

9    penalties, similar to fines are normally recoverable only by state agents.  "In a

10   lawsuit brought under the act, the employee plaintiff represents the same legal

11   right and interest as state labor law enforcement agencies—namely, recovery of

12   civil penalties that otherwise would have been assessed and collected by the

13   Labor Workforce Development Agency." *Id.* at 986.  Thus, *Arias*, clarified the

14   major differences between class actions and PAGA representative actions.

15        Here, as a PAGA representative action, the real party in interest is the

16   State of California with 75% of the civil penalties going to the State and PAGA's

17   main purpose is to benefit the public through the enforcement of the California

18   Labor Code.[3]  This is not a class action, does not seek actual or compensatory

19   damages, and PAGA actions have already been held not to be class actions by

20   the California Supreme Court.  Plaintiff is not "retrospectively recast[ing] her

21   claims simply to skirt federal jurisdiction."  (*See* Defs.' Opp. at 1:10-11.)

22   Rather, it is Defendants who has resorted to citing irrelevant and non-binding

23   authority in attempt to convince the Court that all PAGA actions must be brought

24   as class actions in federal court and are therefore removable under CAFA.

25   _____

26   [3] The California Legislature declared its intent as follows:  "This bill is
     intended to augment the enforcement abilities of the Labor Commissioner by
     creating an alternative 'private attorney general' system for labor law

27   enforcement."  Sen. Rules Com., Off. Of Sen. Floor Analyses, Sen. floor
     analysis of Sen. Bill No. 796 (2003-2004 Reg. Sess.) as amended Sept. 2, 2003,

28   p.2, *quoted in Dunlap v. Superior Court (Bank of America)*, 142 Cal. App. 4th
     330, 337 (Cal. App. 2d Dist. 2006).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**B.      Defendants' Assumed 100% Violation Rate Is Unsound As The Vast Majority Of Authority Refuse To Permit Speculation**

Defendants' application of a 100% violation rate goes against the great weight of authority and is an affront to the Ninth Circuit's mandate to construe removal statutes strictly against removal and in favor of remanding.

Courts regularly remand cases where a defendant's "evidence" is simply multiplying penalties by the number of pay periods.  *See*, *e.g.*, *Fletcher v. Toro Co.*, No. 08-cv-2275, 2009 U.S. Dist. LEXIS 126693, *25 (S.D. Cal. Feb. 3, 2009) ("[d]efendant does not carry its burden by merely assuming maximum damages without providing supporting evidence."); *Riddoch v. McCormick & Schmicks Seafood Rests., Inc.*, No. CV 09-07127, 2010 U.S. Dist. LEXIS 65799 at *7-8 (C.D. Cal. June 28, 2010) ("an allegation that violations were 'systematic' does not necessarily suggest that violations occurred in every pay period."; *id.* at *9 ("if the Complaint is considered ambiguous regarding the frequency with which [ ] violations occurred, the Court cannot resolve that ambiguity in favor of federal jurisdiction."); *Green v. Staples Contract & Commer., Inc.*, No. CV 08-7138, 2008 U.S. Dist. LEXIS 104364 (C.D. Cal. Dec. 10, 2008) ("Taking a close look at Defendant's purported figures, however, there is a conspicuous lack of evidentiary support for these numbers . . .  However, there is no evidence indicating how many rest and meal breaks the other class members missed."); *Martinez*, 2010 U.S. Dist. LEXIS 80797, at *14 ("Although Plaintiff alleged that her claims are typical of the class as a whole (Compl. at 9) and that class members consistently worked overtime (*id.* at 12), this does not provide a basis to assume that every class member worked any particular number of overtime hours, much less that he or she worked the same number of overtime hours every workday as Plaintiff did on an unspecified occasion. Defendants provided no evidence to support their assumption."); *Alpert v. Time Warner Cable, Inc.*, No. 08-CV-0582, 2008 U.S. Dist. LEXIS 51623, at *14 (S.D. Cal.

1    Jun. 30, 2008) ("[defendants] mathematical arguments are not evidence; they are

2    speculation.")

3        Here, the only evidence submitted by Defendants with their Opposition is

4    that JCPenney's policies and/or practise with respect to seating have remained

5    unchanged from January through December 2010.  Based upon this evidence,

6    Defendants then assume that seating violations would have occurred on each and

7    every shift that its California employees worked during that time period.  (*See*

8    Defs.' Opp. at 12-13.)

9        In making its calculation with a 100% violation rate, Defendants assume

10    that if Plaintiff prevails on her seating claim, Plaintiff would need to establish a

11    100% violation rate.  On the contrary, as alleged, Plaintiff could prevail on her

12    claim without necessarily establishing a violation during each and every pay

13    period during the relevant time frame.  Without any evidence more than what

14    Defendants have provided, they simply cannot support their damages calculation

15    for purposes of determining CAFA jurisdiction with a 100% violation rate.

16        Plaintiff's counsel successfully remanded a putative wage and hour action

17    entitled *Smith v. Brinker Int'l, Inc.*, No. C 10-0213, 2010 U.S. Dist. LEXIS

18    54110 (N.D. Cal. May 5, 2010).  In *Smith* the court refused to accept the

19    defendant's speculated violation rate.  *Id.* at *7-8 ("The complaint does not

20    quantify the number of overtime hours that are allegedly subject to

21    compensation, nor the number of meal and rest periods that defendants allegedly

22    failed to provide.  Defendants provide no sufficient basis to apply its

23    assumption...  The court may not base its jurisdiction on speculation and

24    conjecture.")

25        As the vast majority of courts have held, merely assuming maximum

26    damages based on the total number of pay periods, without evidentiary support,

27    does not satisfy Defendants' evidentiary burden to provide summary judgment

28    type evidence as to all assertions.  With the removal statutes construed strictly

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 │ against removal and in favour of remand, Defendants' speculation is not enough
2 │ to support federal jurisdiction.

3 │      **C.**     **Defendants' Calculations For Civil Penalties Under PAGA**
4 │                 **Ignore That Seventy-Five Percent Of All Recovered Penalties**
5 │                 **Must Be Paid To The California Labor and Workforce**
6 │                 **Development Agency**

7 │      The Court should not include the entire amount of the PAGA penalties in
8 │ calculating the total amount in controversy.

9 │      Defendants cite *Schiller v. David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS
10 │ 81128 (E.D. Cal. Jul. 14, 2010) and *Labastida v. McNeil Techs.*, 2010 U.S. Dist.
11 │ LEXIS 124025 (S.D. Cal. Nov. 23, 2010), which cited *Schiller*, in support of
12 │ their position that the entire amount of PAGA penalties should be considered in
13 │ calculating the total amount in controversy.  While the plaintiff in *Schiller*
14 │ argued that only 25% of the PAGA penalties should be counted, ultimately the
15 │ Court acknowledged that the plaintiff's argument did not matter as the Court also
16 │ applied the 25% calculation which still satisfied the CAFA requirements.
17 │ *Schiller*, 2010 U.S. Dist. LEXIS 81128, at *27.

18 │      Though it did not involve a class action subject to CAFA, *Pulera v. TW*
19 │ *Constr. Co., Inc.*, 2008 U.S. Dist. LEXIS 72659, at *6 and *13 (E.D. Cal.
20 │ Aug. 19, 2008), provides this Court with a principled basis for distinguishing the
21 │ portion of PAGA penalties (75%) that rightfully goes to the state and the (25%)
22 │ that goes to a PAGA plaintiff and for ruling that not all of the amounts recovered
23 │ should be counted against the plaintiff's amount in controversy.

24 │      **D.**     **Because Defendants' Notice Of Removal Is Silent With Respect**
25 │                 **To Attorney's Fees, Such Fees Should Not Be Considered**

26 │      As Plaintiff pointed out in her motion to remand, other than making a
27 │ vague reference to attorney's fees, Defendants' notice of removal is entirely
28 │ silent as to the amount of attorney's fees which should be considered here.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   However, despite the admitted failure to produce any evidence supporting an

2   amount of attorney's fees, Defendants still request that the court throw in

3   attorney's fees in the amount of 25% of the total award.  (*See* Defs.' Opp. at 14,

4   fn. 9.)  Again, Defendants provide no evidence as to the amount of attorney's

5   fees *in this case*.  *Hayrapetyan*, 2010 U.S. Dist. LEXIS 58144, *13 (C.D. Cal.

6   May 18, 2010) ("While the parties agree that attorneys' fees are properly

7   included in the amount in controversy, Defendants' fail to provide evidence

8   showing what a reasonable attorney's fee award might be in this case.")

9         First, as set forth above, the total amount of damages is speculative and

10  thus the amount of attorney's fees, which Defendants have made contingent upon

11  the total amount of damages, is equally speculative.  *See Green*, 2008 U.S. Dist.

12  LEXIS 104364 (C.D. Cal. Dec. 10, 2008) (finding defendant's attorney's fees

13  request premised upon other actions as speculative since the damages were also

14  speculative).  Moreover, Defendants have stated no information as to Plaintiff's

15  counsel's hourly rate or the number of hours Defendants anticipate will have

16  been spent litigating this action.  Thus, as with Defendants' penalty assertions,

17  Defendants' attorney's fees asserts remain speculative.

18  **III.   CONCLUSION**

19        This matter must be remanded because the statute under which this action

20  was brought is not subject to removal under CAFA, and Defendants failed to

21  support their assertions with summary judgment type evidence.  Instead,

22  Defendants attempt to expand the language of CAFA beyond its limits and try to

23  maximize damages without evidentiary support as to the number of violations.

24  Accordingly, as set forth more fully above, this action should be remanded to the

25  Superior Court of Los Angeles County.

26  ///

27  ///

28  ///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

Dated:  May 23, 2011                              Respectfully submitted,

2

Initiative Legal Group APC

3

4

By: /s/ Mark P. Estrella

5

Mark P. Estrella
David M. Medby
Sue J. Kim

6

7

Attorneys for Plaintiff Alyssa Jones

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND