**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's motion to remand**

Pending before the Court is Plaintiff Alyssa Jones's ("Plaintiff") motion to remand to state court. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After reviewing the papers submitted in support of and in opposition to these motions, the Court GRANTS Plaintiff's motion and REMANDS the case to Los Angeles Superior Court.

I.      Background

Plaintiff worked for J.C. Penney as a Sales Associate/Cashier from November 2007 to January 2008, and again from November 2009 to December 2009. *FAC* ¶ 16 (Dkt. # 1, Ex. B (Mar. 18, 2011)).  On December 23, 2010, she filed a complaint against Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. (collectively, "J.C. Penney" or "Defendants") in Los Angeles Superior Court, asserting one cause of action pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699 *et seq.*[1]  *See Compl.* (Dkt. # 1, Ex. A

---

[1] PAGA allows "aggrieved employees" to act as private attorneys general by bringing claims for civil penalties against employers for violations of California's Labor Code.  Cal. Lab.Code § 2699(a). Seventy-five percent of any funds recovered go to the Labor and Workforce Development Agency ("LWDA") and the remaining twenty-five percent go to the aggrieved employees. *Id.* § 2699(i). A PAGA claim does not preclude "an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

(Mar. 18, 2011)).  Specifically, the Complaint alleged that J.C. Penney violated Section 1198 of the California Labor Code and Title 8, Section 11070(14) of the California Code of Regulations by refusing to permit Plaintiff and similarly situated aggrieved employees to sit, "even if they were not engaged in active duties." *Id.* ¶¶ 27-34.  It further asserts that J.C. Penney failed to provide suitable seating in violation of California law.  *Id.* ¶ 32.  One month later, on January 27, 2011, Plaintiff filed an amended pleading in state court.  Both the amended pleading and Plaintiff's initial complaint were captioned "Class Action Complaint."  *See* Dkt. # 1, Exs. A,B (Mar. 18, 2011).

On March 18, 2011, J.C. Penney removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), asserting that diversity of citizenship exists between the parties and that the amount placed in controversy by Plaintiff's amended complaint was at least $18 million.  *Id.*  Plaintiff subsequently filed this motion to remand.

II.     Legal Standard

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 679-80 (9th Cir. 2006).  Under CAFA, a defendant may remove a putative class action to federal court if the citizenship of the defendant and at least one member of the plaintiff class are diverse, and the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

There is a strong presumption against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Id.*; *see also Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM, 2008 WL 4447678, at *4 (C.D. Cal., Sept. 30, 2008).  This is true even where CAFA provides the basis for removal.  *Abrego Abrego*,

with an action taken under this part." *Id.* § 2699(g)(1).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | | Date | June 9, 2011 |
|---|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | | |

443 F. 3d at 685 (noting that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

III.     Discussion

In moving to remand, Plaintiff challenges two aspects of federal jurisdiction under CAFA.  First, she argues that CAFA is inapplicable because this case is a "representative enforcement action" under PAGA, as opposed to a "class action" under federal or state law.  Alternatively, Plaintiff contends that even if CAFA did apply, J.C. Penney failed to meet its burden of establishing that the total amount in controversy exceeds $5 million exclusive of interest and costs.

A.     Whether This Case Is Removable Under CAFA

As previously noted, J.C. Penney removed this case pursuant to CAFA, which provides federal courts original jurisdiction over class actions involving at least 100 potential class members, an amount in controversy that exceeds $5,000,000, and diversity between at least one member of the plaintiff class and any defendant.  28 U.S.C. § 1132(d)(2)(A), (d)(5)(B).  CAFA specifically defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."  *Id.* § 1332(d)(1)(B).

Plaintiff argues that the Court lacks jurisdiction under CAFA because, according to Plaintiff, this case is not a "class action," but rather is a representative action under PAGA.  As such, Plaintiff contends that CAFA is inapplicable and that removal under CAFA was accordingly improper.  J.C. Penney, in response, challenges both the factual and legal bases for this contention.  First, it disputes Plaintiff's characterization of the pleadings, pointing out that both the original and amended complaints were titled "Class Action Complaint."  Additionally, it maintains that the Court has jurisdiction regardless of the label on Plaintiff's complaint because Plaintiff's representative claim under PAGA is subject to Federal Rule of Civil Procedure 23, and therefore falls within the ambit of CAFA jurisdiction.  *See* 28 U.S.C. § 1332(d)(1)(B).  For the following reasons, however, the Court disagrees with J.C. Penney's contentions and finds that remand is warranted.

1.     *Whether This Action Is A Representative Enforcement Action Under PAGA*

---

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

First, the Court will address a threshold factual dispute raised by J.C. Penney in opposing Plaintiff's motion.   Plaintiff maintains that this action is not a class action, but rather is a representative action for civil penalties, brought under California's Private Attorney General Act, California Labor Code section 2698 et seq. ("PAGA").  J.C. Penney contests this assertion, pointing out that both Plaintiff's original Complaint and her First Amended Complaint were labeled "Class Action Complaint."  *Opp'n* 5:1-9.  J.C. Penney further points to (1) Plaintiff's assertion of her claim on behalf of herself and "all other members of the public similarly situated," and (2) Plaintiff's "transparent attempt to avoid CAFA jurisdiction by alleging—in two separate places—that the total amount in controversy was less than $5 million" as evidence of the "class-wide" nature of this action.  *Opp'n* 5:10-15 (citing *Compl*. ¶ 2, *Prayer* ¶ 1).

Although J.C. Penney's position – that a pleading labeled a "class action" on two separate occasions is, for purpose of removal, a class action – is understandable, it nonetheless does not carry the day.  Plaintiff's counsel averred that the pleadings were labeled a "class action" in error, thereby undermining J.C. Penney's argument significantly.  *See Estrella Decl.* ¶¶ 2-3.  Further, J.C. Penney offers no authority for proposition that the designation of a claim on the caption of a pleading can be viewed as determinative of the nature of the action for either substantive or procedural purposes.  In fact, the only authority of which the Court is aware indicates that "the designation of the nature of [an] action is primarily for the court's use for calendar control and statistical purposes [, and] does not affect or limit the claims pleaded or the relief that may be awarded."  Weil & Brown, CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2010) ¶ 6:32.

Even more fatal to J.C. Penney's position, though, is the absence of any meaningful allegations demonstrating the "class-action" nature of Plaintiff's claim.  Neither the original or amended pleading use the word "class" (apart from the caption), nor allege any of the class action requirements, e.g., ascertainability, typicality,and predominance.  It is also telling is that Plaintiff does not seek recovery of the compensatory and statutory damages typically attendant to a class action, but rather seeks only to recover civil penalties, pursuant to PAGA, for various violations of the California Labor Code.  Lastly, the facts that Plaintiff asserts only one cause of action under PAGA, and repeatedly employs the term "aggrieved employees", which is consistent with an action brought under PAGA, indicate that this action is, as Plaintiff asserts, a representative enforcement action brought pursuant to PAGA.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | | Date | June 9, 2011 |
|---|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | | |

> 2. *Whether This Action Is Encompassed By CAFA's Definition Of "Class Action"*

Having determined this case to be a representative enforcement action under PAGA, the Court turns to the salient legal issue presented by Plaintiff's motion, namely, whether a representative action under PAGA is considered a "class action" for purposes of CAFA or Rule 23. The Court is cognizant that, as other courts have also noted, the Ninth Circuit has yet to decide this question. *See McKenzie v. Federal Exp. Corp.*, No. CV 10–02420 GAF, 2011 WL 1757538, at *9 (C.D. Cal., Apr. 14, 2011). Recent decisions from federal district courts sitting in California, however, nonetheless bear directly on this inquiry. Particularly apposite is *Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, *4-5 (N.D. Cal., Nov. 30, 2010), in which a district court remanded a PAGA "representative enforcement action" on grounds upon finding that removal under CAFA was improper. The plaintiff in *Sample* alleged wage and hour violations, claiming that the defendant stores had failed to provide her "and other aggrieved employees" with the meal and rest periods required by California law. *Id.* at *1. After the defendants removed the case to federal court under CAFA, the plaintiff moved to remand, raising essentially the same arguments as asserted herein: (1) that the action was a "representative enforcement action under PAGA" and not a "class action" under CAFA; and (2) that, alternatively, the defendants had failed to satisfy the minimum amount in controversy for CAFA actions. *Id.*

The court, relying upon the California Supreme Court's opinion in *Arias v. Super Ct.,* 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923, stressed that a "PAGA claim is fundamentally distinct in both purpose and effect from a class action." *Id.* at *3 (citing *Arias*, 46 Cal. 4th at 986). PAGA, it explained, was enacted "to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Id.* at *2 (citing *Arias*, 46 Cal. 4th at 980); *see also Dunlap v.Super. Ct.,* 142 Cal. App. 4th 330, 337, 47 Cal. Rptr. 3d 614 (2006) (citations omitted) (PAGA "empowers or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself and other current or former employees'... as an alternative to [Agency] enforcement...."). The court further reasoned that, unlike a class action plaintiff who represents a class of employees, a plaintiff in PAGA claim acts "as the proxy or agent of the state's labor law enforcement agencies" with the goal of recovering civil penalties "that otherwise would have been assessed and collected by the Labor

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

Workforce Development Agency." *Sample,* 2010 WL 4939992, *2 (citing *Arias*, 46 Cal. 4th at 986).  Thus, given the fundamental distinctions between a PAGA suit to recover civil penalties and a class action under CAFA, the *Sample* court concluded that "the action [does] not present the scenario that CAFA was intended to address; to wit, the litigation of a nationwide class action in a state court." *Id.* at *4.  Accordingly, it remanded the case.

Like other federal district courts which have been presented with this issue, the Court finds the *Sample* opinion persuasive.  *See, e.g., Zator v. Sprint/United Management Co.,* No. 09cv2577–LAB, 2011 WL 1168319, at *4 (S.D. Cal., Mar. 29, 2011) (noting that "another court in this Circuit has, after a very thorough analysis, rejected the argument that PAGA actions can be treated as class actions for purposes of CAFA…The Court is persuaded by the reasoning of *Sample*, and follows it.").

Conversely, the Court is not persuaded by J.C. Penney's contention that the case is nonetheless encompassed by CAFA because Plaintiff's representative PAGA claims must satisfy Federal Rule of Civil Procedure 23.  This argument derives from the *Erie* doctrine, which dictates that federal law governs all procedural matters in federal court.  *See Erie Railroad Co. V. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  J.C. Penney essentially posits that because federal procedural law governs this action under *Erie,* and because "Rule 23 automatically applies in all civil actions and proceedings in the United States district courts[,]" *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1438, 176 L. Ed. 2d 311 (2010)), Rule 23 therefore applies to this case.  Further reasoning that because Rule 23 applies, the case is a "class action" within the meaning of CAFA, J.C. Penney thus concludes that federal jurisdiction is proper.

The Court, however, is not persuaded that the caselaw supports J.C. Penney's position that a plaintiff pursuing PAGA penalties in federal court must satisfy the requisites of Federal Rule 23.  Not only does J.C. Penney fail to point to any controlling authority supporting this proposition, several federal district court decisions – as well as the California Supreme Court's decision in *Arias* – point to the contrary conclusion.[2]  *See, e.g., Mendez v. Tween Brands, Inc.*,

---

[2] Neither of the two cases relied on by J.C. Penney, *Thompson v. APM Terminals Pac. Ltd.*, 2010 U.S. Dist.LEXIS 142537 (N.D. Cal. Aug. 26, 2010) and *Adams v. Luxottica U.S. Holdings Company*, 2009 U.S. Dist. LEXIS 130660 (C.D. Cal. Jul. 24, 2009), addressed the question of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#16**
**term #9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

No. 2:10-cv-00072-MC, 2010 WL 2650571, at *2 -3  (E.D. Cal., July 1, 2010) ("To find that PAGA creates a wholly procedural right, and that Rule 23 therefore applies, would be to ignore the intent of the legislature in passing the statute."); *Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-cv-00459 JAM, 2009 WL 2230788,  at *3 (E.D. Cal., July 29, 2009); *see also Arias v. Superior Court*, 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923 (2009) (holding that PAGA claims need not satisfy class action requirements).[3]

IV.     Conclusion

        Thus, based on the foregoing, the Court finds that this action is a representative action under PAGA, and that removal under CAFA was improper.  Accordingly, Plaintiff's motion to remand is GRANTED.

        **IT IS SO ORDERED.**

---

whether removal under CAFA was proper, nor involved solely PAGA claims.  Accordingly, the Court does not find them persuasive.
[3] Because the Court concludes that CAFA is an inappropriate basis for removal, it need not reach the question of whether CAFA's amount-in-controversy requirement has been satisfied.  Further, as the Court lacks subject matter jurisdiction over this action, J.C. Penney's pending motion to dismiss is rendered moot.